### JOHN BLACK v. THE STATE.

#### No. 2814.   Decided December 3, 1913.

#### Rehearing denied January 14, 1914.

**1.—Theft from Person—Indictment.**

 Where, upon trial of theft from the person, the indictment followed approved precedent, there was no error.

**2.—Same—Sufficiency of the Evidence.**

 Where, upon trial of theft from the person, the evidence showed that the defendant was a principal in the commission of the offense, and supported the conviction under a proper charge of the court, there was no error.

Appeal from the District Court of Tarrant.  Tried below before the Hon R. H. Buck.

Appeal from a conviction of theft from the person; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Henry Faulk,* for appellant.—On question of the insufficiency of the evidence:  Brooks v. State, 56 Texas Crim. Rep., 513; Buntain v. State, 15 Texas Crim. App., 485; Buntain v. State, 15 Texas Crim. App., 490; Willis v. State, 15 id., 118.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of the offense of theft from the person, and his punishment assessed at two years confinement in the State penitentiary.

The indictment is sufficient and charges an offense under our law, and the complaint in the motion in this respect presents no error.

No bills of exception were reserved, and the charge of the court as given is not complained of. The only special charge requested by appellant was given. So the only ground in the motion that needs to be discussed is the one alleging the insufficiency of the testimony. It was a case of circumstantial evidence, and are the circumstances of that strength and cogency as to produce a conclusion that appellant and no other person stole the watch from Arthur Black, or that he was a principal in the theft, if Tom Coleman did steal it? Arthur Black, the prosecuting witness, testified that on Monday morning of the 17th of March he went into a saloon on 17th Street in Fort Worth; that appellant was sitting on a bench back next to the wall; he sat down by him. While there were others in the saloon, no one else was on the bench but these two. Appellant asked him the time of day, and he pulled out his watch and told him 9:16. The prosecuting witness says he went to sleep, and when he waked up appellant was gone, as was also the prosecuting witness' watch and money. He reported the matter to the officers, and officer Deering found appellant in a club and searched him but found no money nor the watch. That he learned at this time that another negro, Tom Coleman, had been with appellant, and he went to look for him, but could not find him, and when he returned to where he had left appellant he had also disappeared. The next day appellant and Tom Coleman were arrested on the streets of Dallas, being together, and the stolen watch was found on Tom Coleman. Coleman in the presence and hearing of appellant told the officer that the watch was the property of appellant, and he had given it to him, Coleman, to soak. The defendant contended that Coleman had the watch in Fort Worth, and asked him to go to Dallas with him; that he had some stuff he wanted to go to Dallas to peddle, and wanted him, appellant, to do so. Under such circumstances we think the jury would be authorized to find that Coleman and appellant were principals in the commission of the offense, and the judgment is affirmed.

*Affirmed.*

[Rehearing denied January 14, 1914.—Reporter.]